**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| IN RE Mortgage Electronic Registration Systems (MERS) Litigation | MDL DOCKET NO. 09-2119-JAT<br>CV 10-51-PHX-JAT<br>CV 09-1836-PHX-JAT<br>CV 10-200-PHX-JAT<br>CV 10-45-PHX-JAT<br>CV 09-730-PHX-JAT<br>CV 10-347-PHX-JAT |
|---|---|

**ORDER**

On February 19, 2010, this Court ordered MERS to identify cases within the district of Arizona, in which MERS had been served, that MERS believed should be consolidated with this MDL. Doc. #112. The Order further required MERS to move to transfer those cases to the undersigned.[1] MERS complied with this Order, and moved to transfer six cases to the undersigned. No party opposed the motion to transfer, and this Court reassigned those six cases to the undersigned. The cases are:

| First Plaintiff's Name | Arizona Case Number |
|---|---|
| *Stejic* | CV 10-51-PHX-JAT |
| *Molina* | CV 09-1836-PHX-JAT |

---

[1] "Cases filed in the transferee district that properly are part of an MDL ... should be reassigned to the transferee judge,...and associated with the master docket. The reassignment is made locally, without action on the part of the Panel." THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION, THE FEDERAL JUDICIAL CENTER, TEN STEPS TO BETTER CASE MANAGEMENT: A GUIDE FOR MULTIDISTRICT LITIGATION TRANSFEREE COURT CLERKS, 4 (2008).

| | | |
|---|---|---|
| 1 | *Coleman* | CV 10-200-PHX-JAT |
| 2 | *Bilyea* | CV 10-45-PHX-JAT |
| 3 | *Maguire* | CV 09-730-PHX-JAT |
| 4 | *Rinehimer* | CV 10-347-PHX-JAT |

As stated above, these cases have been transferred to the undersigned, but not yet consolidated with the MDL case. Although these cases were not reassigned through the panel on multidistrict litigation, the Court will still limit consolidation to cases related to the formation and/or operation of MERS consistent with the panel's initial order creating the MDL.[2] To facilitate this Court's determination on consolidation with the MDL, the Court required MERS to move to remand all claims that were not related to the formation or operation of MERS.

## I. General Interpretation of the Transfer Order

In the initial transfer order, the Panel transferred to this Court all claims within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable or foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern the "formation and operation" of MERS. Doc. #1. However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.*

Accordingly, this Court will not consolidate claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in

---

[2] In the transfer order establishing this consolidated multidistrict litigation, the Judicial Panel on Multidistrict Litigation stated, "IT IS FURTHER ORDERED that claims unrelated to the formation and/or operation of the MERS system are simultaneously remanded to their respective transferor courts." Doc. #1.

- 2 -

essence turn on the formation or operation of MERS, no matter how framed, will be consolidated.

MERS filed the required Motion to Remand Claims on May 10, 2010. Doc. #457. Two responses were filed: Plaintiffs' counsel in Maguire (CV 09-730); Stejic (CV 10-51); and Molina (CV 09-1836) filed a consolidated response (Doc. #518), and counsel for Defendant Shelter Mortgage Co., LLC filed a response in Stejic (CV 10-51) (Doc. #513). Plaintiff Maguire (CV 09-730) seeks to remand his entire case. Doc. #518. Plaintiff Stejic (CV 10-51) disputes MERS position on one of his claims. *Id.* All Plaintiffs in Molina (CV 09-1836) do not dispute MERS' classification of their claims. *Id.* Defendant Shelter Mortgage Co., LLC, disagrees with MERS' classification of all claims that relate to Shelter in the Stejic (CV 10-51) case. Doc. #513.

**II.     Claims on Which the Parties Do Not Agree**

    **A.     *Maguire* case (CV 09-730)**

Plaintiff Maguire argues that none of his case should be consolidated as part of the MDL. Preliminarily, the Court agrees with MERS that Plaintiff should have raised this argument in opposing the motion to transfer. However, this Court must consider whether it has jurisdiction to hear this case, even if the issue was not raised at the ideal time.

Maguire is in a unique procedure posture because default has been entered against Defendant MERS. At the time of transfer, MERS had moved to set aside entry of default and Plaintiff had moved for entry of default judgment. Default judgment, if entered, is obviously the conclusion of the case.

The transfer order in this case stated, "...assigned to the Honorable James A. Teilborg for coordinated or consolidated pretrial proceedings with the action pending there..." Doc. #1 at 3 (emphasis added). Entry of judgment is not a "pretrial" proceeding. Therefore, the Court will not consolidate any of the Maguire case with the MDL because the procedural posture of this case is beyond the scope of the MDL. If MERS prevails on having default set aside, MERS may (within 10 days of answering or otherwise responding to the Complaint) again move to consolidate this case with the MDL.

**B.** *Stejic* **case (CV 10-51)**

MERS argues that the following claims in Stejic should be consolidated with the MDL: Second Claim for Breach of Contract, First Claim for Wrongful Foreclosure, Third Claim for Breach of the Covenant of Good Faith and Fair Dealing, Fourth Claim for Fraud, and Sixth Claim for Injunctive Relief (in part). MERS argues the following claims in Stejic should be returned to the transferor court: Fifth Claim for Consumer Fraud Act violation and Sixth Claim for Injunctive Relief (in part). Defendant Shelter Mortgage argues in addition to the claims MERS argues should be returned to the transferor court, the following claims should also be returned to the transferor court: Second Claim for Breach of Contract, Third Claim for Breach of the Covenant of Good Faith and Fair Dealing, and Fourth Claim for Fraud. Plaintiff Stejic argues that the Breach of Contract claim should be split into two parts, one part of which would be in the MDL and the other of which is a free standing claim that should go back to the transferor court.

MERS argues that each of these disputed claims implicates the operation or formation of MERS. Specifically, the breach of contract claim alleges that Defendants in some grouping attempted to hide the parties to the note and deed of trust. Doc. #581 at 6. The fraud claim similarly alleges that the Defendants in some grouping falsely inserted the parties on the loan documents. *Id*. at 7. The breach of the covenant of good faith and fair dealing claim also includes allegations of some Defendants hiding the true parties to the loan. *Id*. at 8. The Court finds that these claims all involve the operation or formation of the MERS system in a way that does not allow for bifurcation. Accordingly, the Court will not remand any of these claims.

**C.** *Rinehimer* **case (CV 10-347)**

No party to the Rinehimer case disputed MERS' classification of the claims. However, MERS noted that if this Court bifurcated the Maguire Fair Debt Collection Practices Act claim, it should, for consistency, also bifurcate the Rinehimer Fair Debt Collection Practices Act claim. Doc. #581 at n. 17. Because this Court has concluded that the entire Maguire case should be remanded, this Court did not reach this issue in Maguire.

1 | However, for purposes of overall consistency, the Court will consider the issue with respect
2 | to the Rinehimer case.

In claim four, the Rinehimer Plaintiffs allege that Defendants Aurora and Cal-Western Reconveyance Company violated the Fair Debt Collection Practices Act. Doc. # 1, at 20 in CV 10-347. MERS argue that this claim was transferred to the MDL, even though it is not against MERS, because it generally alleges that the Defendants have attempted to collect a debt to which they are not legally entitled, thereby implicating the whole system of securing and collecting the debt. Doc. #581 at 4. However, MERS concedes that two of the theories within the Fair Debt Collection Practices Act claim (that Aurora sent false, deceptive and misleading correspondence and coupons, and/or that Aurora misrepresented whether the Rinehimers could modify their loan), could be bifurcated and proceed outside the MDL.

The Court finds that bifurcation of the Rinehimers' Fair Debt Collection Practices claim in the manner proposed by MERS is appropriate. The specific factual allegations in the complaint are the kind of fact specific inquiries that the panel suggested this Court should avoid within this MDL. Doc. #1. Accordingly, this claim will be bifurcated.

**III. Conclusion**

**IT IS ORDERED** that the Motion to Remand Certain Claims (Doc. #457) is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS ACCORDINGLY ORDERED** that *Maguire* (CV 09-730-PHX-JAT) is remanded in its entirety to Judge Bolton (without prejudice to MERS again moving to transfer this case to the MDL as set forth above). Within 7 days of the date of this Order, the parties shall re-file any motions they seek to have Judge Bolton resolve.

**IT IS FURTHER ORDERED** that with respect to *Stejic* (CV 10-51-PHX-JAT), claim 1 (wrongful foreclosure), claim 2 (breach of contract), claim 3 (breach of the covenant of good faith and fair dealing), claim 4 (fraud), and part of claim 6 (injunctive relief) remain with the undersigned as part of the MDL; claim 5 (consumer fraud act), and part of claim 6 (injunctive relief) are remanded to Judge Campbell; to accomplish the bifurcation of this case within this district, the Clerk of the Court is directed to bifurcate *Stejic* into two cases; the

Clerk of the Court shall draw and assign a new Phoenix case number to the portion of the *Stejic* case that is remaining with the undersigned and the Clerk of the Court shall consolidate that case number into the MDL as a member case. The Clerk of the Court shall transfer the original *Stejic* case number back to Judge Campbell.

**IT IS FURTHER ORDERED** that with respect to *Molina* (CV 09-1836), claim 1 (violations of §§ 33-801 and 47-3301), part of claim 2 (injunctive relief), and claim 8 (conspiracy to commit fraud) remain with the undersigned as part of the MDL; part of claim 2 (injunctive relief), claim 3 (breach of contract), claim 4 (breach of covenant of good faith and fair dealing), claim 5 (truth in lending act), claim 6 (real estate settlement procedures act), and claim 7 (Arizona consumer fraud act) are remanded to Judge Aspey; to accomplish the bifurcation of this case within this district, the Clerk of the Court is directed to bifurcate *Molina* into two cases; the Clerk of the Court shall draw and assign a new Phoenix case number to the portion of the *Molina* case that is remaining with the undersigned and the Clerk of the Court shall consolidate that case number into the MDL as a member case. The Clerk of the Court shall transfer the original *Molina* case number back to Judge Aspey.

**IT IS FURTHER ORDERED** that with respect to *Coleman* (CV 10-200), claim 1 (breach of contract), claim 4 (quite title), claim 7 (invalid deed of trust), claim 8 (intentional infliction of emotional distress), claim 9 (fraud - misrepresentation and conspiracy), claim 10 (conversion/theft), claim 11 (uniform commercial code), and claim 12 (civil RICO) remain with the undersigned as part of the MDL; claim 2 (Arizona consumer fraud act), claim 3 (home ownership equity protection act), and claim 6 (fair debt collection practices act) are remanded to Judge Silver; to accomplish the bifurcation of this case within this district, the Clerk of the Court is directed to bifurcate *Coleman* into two cases; the Clerk of the Court shall draw and assign a new Phoenix case number to the portion of the *Coleman* case that is remaining with the undersigned and the Clerk of the Court shall consolidate that

case number into the MDL as a member case. The Clerk of the Court shall transfer the original *Coleman* case number back to Judge Silver.[3]

**IT IS FURTHER ORDERED** that with respect to *Bilyea* (CV 10-45), claim 1 (constructive fraud/breach of fiduciary duty), claim 2 (breach of contract), claim 3 (common-law fraud), claim 4 (payment/extinguishment of the debt), and claim 6 (fraud related to title insurance) remain with the undersigned as part of the MDL; claim 5 (breach of contract - violation of the HAMP guidelines) is remanded to Judge Silver; to accomplish the bifurcation of this case within this district, the Clerk of the Court is directed to bifurcate *Bilyea* into two cases; the Clerk of the Court shall draw and assign a new Phoenix case number to the portion of the *Bilyea* case that is remaining with the undersigned and the Clerk of the Court shall consolidate that case number into the MDL as a member case. The Clerk of the Court shall transfer the original *Bilyea* case number back to Judge Silver.

**IT IS FURTHER ORDERED** that with respect to *Rinehimer* (CV 10-347), claim 1 (UCC defenses to foreclosure), part of claim 2 (declaratory relief), part of claim 3 (injunction), part of claim 4 (fair debt collection practices act), claim 8 (conspiracy to commit fraud/conversion), part of claim 10 (estoppel), part of claim 12 (respondeat superior), claim 13 (fraud - misrepresentation), claim 14 (fraud - concealment), claim 16 (breach of contract), claim 17 (fraud - concealment), and part of claim 18 (punitive damages) remain with the undersigned as part of the MDL; part of claim 2 (declaratory relief), part of claim 3 (injunction), part of claim 4 (fair debt collection practices act), claim 5 (truth in lending act), claim 6 (real estate settlement procedures act), claim 7 (home ownership equity act), claim 9 (Arizona consumer fraud act), part of claim 10 (estoppel), claim 11 (fiduciary duty of care), part of claim 12 (respondeat superior), claim 15 (implied duty of good faith and fair dealing), and part of claim 18 (punitive damages) are remanded to Judge Burns; to accomplish the bifurcation of this case within this district, the Clerk of the Court is directed to bifurcate *Rinehimer* into two cases; the Clerk of the Court shall draw and assign a new Phoenix case

---

[3] The *Coleman* complaint does not contain a claim 5.

number to the portion of the *Rinehimer* case that is remaining with the undersigned and the Clerk of the Court shall consolidate that case number into the MDL as a member case. The Clerk of the Court shall transfer the original *Rinehimer* case number back to Judge Burns.

**IT IS FINALLY ORDERED** that consistent with the Order transferring these cases to the undersigned (Doc. #405), all Defendants must answer or otherwise respond to the complaint within fifteen days of the date of this Order; additionally, if any Plaintiff wishes to file a motion to remand (including refiling a previously denied motion to remand), those motions are also due within fifteen days of the date of this Order.

DATED this 22nd day of July, 2010.

James A. Teilborg
United States District Judge