**WO**

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

Milan Stejic,             )     No. CV-10-51-PHX-DGC
                     )
       Plaintiff,      )     **ORDER**
                     )
vs.                   )
                     )
Aurora Loan Services, LLC; Shelter   )
Mortgage Co., LLC; and Mortgage    )
Electronic Registration Systems, Inc.,   )
                     )
       Defendants.     )

In April 2007, Milan Stejic refinanced his home located at 2015 East Barkwood Road in the Phoenix area. The loan consisted of two promissory notes totaling $1,420,000, each secured by a separate deed of trust. Shelter Mortgage Co., LLC ("Shelter") was the lender, Aurora Loan Services, LLC ("Aurora") was the loan servicer, and Mortgage Electronic Registration Systems, Inc. ("MERS") was the beneficiary on the deeds of trust. The home was sold at a trustee's sale on December 7, 2009.

Plaintiff filed suit four days later, asserting claims for wrongful foreclosure, breach of contract, breach of the covenant of good faith and fair dealing, fraud, consumer fraud, and injunctive relief. Doc. 1-1 at 4-44. All claims other than the consumer fraud claim (count five) and the corresponding request for injunctive relief (part of count six) have been transferred to the MDL case, *In re MERS Litigation*, Nos. 09-md-2119-JAT, 10-cv-1547-JAT. *See* Doc. 46.

Defendants have filed motions to dismiss pursuant to Rule 12(b)(6) of the Federal

1    Rules of Civil Procedure.  Docs. 48, 51, 54.  The motions are fully briefed.  No party has

2    requested oral argument.  For reasons stated below, the motions will be granted.

3    **I.    Rule 12(b)(6) Standard.**

4         When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6),

5    the factual allegations are taken as true and construed in the light most favorable to

6    the plaintiff.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  "'[C]onclusory

7    allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss

8    for failure to state a claim.'"  *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010).

9    To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim

10   to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

11   This plausibility standard requires sufficient factual allegations to allow "the court to draw

12   the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft*

13   *v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  "[W]here the well-pleaded facts do not permit the

14   court to infer more than the mere possibility of misconduct, the complaint has alleged – but

15   it has not 'show[n]' – 'that the pleader is entitled to relief.'"  *Id.* at 1950 (quoting Fed. R. Civ.

16   P. 8(a)(2)).

17   **II.    Count Five: Consumer Fraud.**

18        Arizona's Consumer Fraud Act, A.R.S. § 44-1522 (the "Act"), "makes it illegal to

19   commit fraud or deception 'in connection with the sale or advertisement of any

20   merchandise.'"  *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401, 407

21   (9th Cir. 1992) (quoting § 44-1522(A)).  Count five of the complaint asserts violations of

22   the Act on the part of Shelter and Aurora.  Doc. 1-1 at 41-43, ¶¶ 133-41.  This claim must be

23   dismissed, Shelter and Aurora argue, because it is time barred and the complaint fails to

24   allege fraud with particularity.  Docs. 48 at 5-6, 51 at 9-10.  The Court agrees.

25   **A.    Fraud.**

26        To satisfy Rule 9(b)'s heightened pleading standard for fraud, "a plaintiff 'must state

27   the time, place, and specific content of the false representations as well as the identities of

28   the parties to the misrepresentations.'"  *Stejic v. Aurora Loan Servs., LLC*, No. 09-CV-819-

1    PHX-GMS, 2009 WL 4730734, at *4 (D. Ariz. Dec. 1, 2009) (quoting *Schreiber Distrib. Co.*

2    *v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).  The plaintiff also "'must

3    set forth what is false or misleading about the statement, and why it is false.'" *Id.* (quoting

4    *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003)).

5            Count five alleges generally that Shelter and Aurora committed fraud by

6    "misrepresenting, concealing, or omitting the terms of the loan, including, but not limited to,

7    the true cost of the loan, the true parties to the loan, the interest rate, the payments to be made

8    under the loan, Stejic's ability to qualify for the loan, and Stejic's ability to refinance or

9    modify the loan in the future."  Doc. 1-1 at 42, ¶ 136.  It further alleges that Shelter failed to

10   "mak[e] a commercially reasonable determination of Stejic's ability to repay the loan"

11   (*id.*  ¶ 137), and Shelter and Aurora knew, or should have known, that "Stejic would be

12   incapable of making loan payments as required by the terms of the loan based upon Stejic's

13   income" (*id.* ¶ 138).  These allegations are entirely conclusory, and do not pass muster under

14   Rule 9(b).  *See Rhoads v. Wash. Mut. Bank, F.A.*, No. CV10-0197-PHX-NVW, 2010 WL

15   1408888, at *8 (D. Ariz. Apr. 7, 2010) (finding nearly identical allegations to be insufficient

16   under Rule 9(b)); *Dumesnil v. Bank of Am., N.A.*, No. CV10-0243-PHX-NVW, 2010 WL

17   1408889, at *7 (D. Ariz. Apr. 7, 2010) (same).

18           Plaintiff asserts that the complaint, read as a whole, provides the requisite who, what,

19   when, where, and why of the fraud.  Docs. 57 at 6-7, 58 at 14-15.  Plaintiff cites numerous

20   paragraphs of the complaint in support of this assertion (*id.*), but does not explain, and it is

21   not otherwise clear to the Court, how any alleged fraudulent act is pled with particularity.

22   Plaintiff asserts that the "who" includes all three Defendants.  Docs. 57 at 7, 58 at 14.  A

23   plaintiff alleging fraud "must do more than make 'sweeping references' encompassing all of

24   defendants' allegedly fraudulent conduct."  *Concorde Funds, Inc. v. Value Line, Inc.*, No. 04

25   Civ. 9923(NRB), 2006 WL 522466, at *5 (S.D.N.Y. Mar. 2, 2006).  "The Ninth Circuit has

26   repeatedly emphasized that 'Rule 9(b) does not allow a complaint to merely lump multiple

27   defendants together but 'requires plaintiffs to differentiate their allegations and inform each

28   defendant separately of the allegations surrounding his alleged participation in the fraud.'"

1    *In re MERS Litig.*, No. 09-md-2119-JAT, 2010 WL 4038788, at *6 (D. Ariz. Sept. 30, 2010)

2    (quoting *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007)).

3            With respect to the "when," Plaintiff asserts that fraud occurred "[a]t origination and

4    throughout the term of the loan, including the purported 'foreclosure' sale in 2010."

5    Docs. 57 at 7, 58 at 14-15.  "[C]ourts have consistently held that such a lengthy time-frame

6    fails to satisfy the particularity requirement of Rule 9(b)."  *Concorde Funds*, 2006 WL

7    522466, at *5 (citations omitted).

8            The complaint fails to plead fraud with particularity, and otherwise does not permit

9    the Court "to infer more than the mere possibility of misconduct" on the part of Shelter and

10   Aurora.  *Iqbal*, 129 S. Ct. at 1950.  The complaint has therefore "alleged – but it has not

11   'show[n]' – 'that [Plaintiff] is entitled to relief'" on count five. *Id.*; *see Rhoads*, 2010 WL

12   1408888, at *8-9 (dismissing consumer fraud claim brought by mortgagee where the

13   complaint failed to plead fraud with particularity); *Dumesnil*, 2010 WL 1408889, at *8

14   (same); *Silvas v. GMAC Mortg., LLC*, No. CV-09-265-PHX-GMS, 2009 WL 4573234, at

15   *7-8 (D. Ariz. Dec. 1, 2009) (same); *Fromkin v. IndyMac Bank FSB*, No. 10-CV-8014-PCT-

16   PGR, 2010 WL 2541167, at *6 (D. Ariz. June 18, 2010) (same).

17       **B.    Statute of Limitations.**

18           Claims brought under the Consumer Fraud Act are subject to a one-year statute of

19   limitations.  *See* A.R.S. 12-541(5); *Grimmelman v. Pulte Home Corp.*, No. CV-08-1878-

20   PHX-FJM, 2010 WL 2744943, at *2 (D. Ariz. July 9, 2010).  The loan transaction in this

21   case was consummated when Plaintiff signed the closing papers on May 25, 2007.  Doc. 1-1

22   at 9, ¶ 18.  The one-year limitations period therefore expired on May 26, 2008.  Plaintiff

23   brought his consumer fraud claim more than one year later.  *See* Doc. 46, *Stejic v. Aurora

24   Loan Servs., LLC*, No. 09-CV-819-PHX-GMS (D. Ariz. Sept. 11, 2009).

25           Plaintiff alleges that "[h]e was not told and did not realize that he was paying a higher

26   interest rate so that Shelter Mortgage could receive a $16,000 yield spread premium."

27   Doc. 1-1 at 9, ¶ 18.  Plaintiff further alleges that the loan included more than "$13,000.00 in

28   undisclosed settlement charges over the life of the loan."  *Id.* at 11, ¶ 29.  Plaintiff claims that

1   Shelter and Aurora concealed the overcharges and he did not discover them "until he had his

2   loan papers audited[.]" *Id.* ¶ 28.

3          But Plaintiff himself admits that "[t]he origination process made on no income and

4   no documentation suggested fraud." *Id.* ¶ 29.  "[T]he test for when a cause of action accrues

5   is not only what the plaintiff actually knew, but what he or she *should have known or could*

6   *have discovered* with reasonable diligence." *Cervantes v. Countrywide Home Loans, Inc.*,

7   No. CV 09-517-PHX-JAT, 2009 WL 3157160, at *7 (D. Ariz. Sept. 24, 2009) (emphasis in

8   original).  Plaintiff does not allege facts showing an inability, despite diligent effort on his

9   part, to discover the alleged overcharges within the limitations period.

10          The same is true with respect to other alleged acts of fraud.  Regarding the alleged

11   "secret transfers through securitization" (Doc. 1-1 at 14-22), Plaintiff concedes that "[t]he

12   note was securitized *from the beginning*" (*id.* at 13 ¶ 34) (emphasis added).  He further

13   concedes that the deeds of trust, which are alleged to falsely list Shelter as the true lender,

14   were publically recorded *on May 31, 2007*.  *Id.* at 12, ¶ 30.  Plaintiff has not alleged an

15   inability to discover the securitization or Shelter's role in the transaction within the

16   limitations period.

17          Moreover, while the refinance loan in this case may constitute the "sale or

18   advertisement" of "merchandise" for purposes of the Act, *see Villegas v. TransAmerica*

19   *Financial Services, Inc.*, 708 P.2d 781, 783-84 (Ariz. Ct. App. 1985), the loan closed on

20   May 25, 2007.  Plaintiff does not explain how any fraudulent conduct after that date falls

21   within the scope of the Act.

22          **C.      Count Five Summary.**

23          The consumer fraud claim asserted in count five will be dismissed as time barred and

24   for failure to state a claim to relief.  Given this ruling, the Court need not address Shelter's

25   preemption arguments.  *See* Doc. 51 at 6-9.

26   **III.    Count Six: Injunctive Relief.**

27          In count six of the complaint, Plaintiff seeks an order enjoining Aurora and MERS

28   from "depriving him of his rights to his property via trespass, forcible detainer, eviction,

1   wrongful sale, or otherwise." Doc. 1-1 at 43, ¶ 146. Defendants note, correctly, that an

2   injunction is not an independent cause of action, but an equitable remedy for an underlying

3   claim. Docs. 48 at 6, 54 at 5 (citing *Silvas*, 2009 WL 4573234, at *6). The only substantive

4   claim remaining in this case is the consumer fraud claim asserted in count five. *See* Docs. 1-

5   1 at 41-43, 46 at 5-6. Because that claim will be dismissed, the corresponding request for

6   injunctive relief will be denied.

7   **IV.     Leave to Amend.**

8          The Court recognizes that leave to amend should be freely given when justice so

9   requires. Fed. R. Civ. P. 15(a)(2). Plaintiff, however, already has amended his claims in

10  response to Defendants' motions to dismiss. *See* Docs. 39 & 46, *Stejic v. Aurora Loan*

11  *Servs., LLC*, No. 09-CV-819-PHX-GMS. Plaintiff has not shown, and it does not otherwise

12  appear to the Court, that deficiencies in count five can be cured through additional

13  amendment. The Court will therefore deny leave to amend. *See Foman v. Davis*, 371 U.S.

14  178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music*

15  *Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the

16  complaint could not be saved by any amendment).

17  **V.      Request to Quash Lis Pendens.**

18         Plaintiff recorded a lis pendens on the property in connection with his initial suit.

19  Doc. 1-1 at 46-47. Aurora and MERS assert that when all claims affecting title to the

20  property have been dismissed, it will be appropriate for the Court to quash the lis pendens.

21  Docs. 48 at 7, 54 at 6. The claims asserted by Plaintiff in the MDL case have not been

22  dismissed and may affect title to the property. *See In re MERS Litigation*, Nos. 09-md-2119-

23  JAT, 10-cv-1547-JAT. The request to quash the lis pendens is therefore denied.

24         **IT IS ORDERED:**

25         1.      Defendants' motions to dismiss (Docs. 48, 51, 54) are **granted**.

26         2.      The consumer fraud claim asserted in count five of the complaint is **dismissed**,

27                 and the corresponding request for injunctive relief in count six is **denied**.

28

1    3.    The Clerk is directed to enter judgment accordingly.

2    DATED this 20th day of October, 2010.

3

4

5    _____

6    David G. Campbell
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28